(No. 4438-

GRACE R. SITTER, WIDOW, ET AL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 8, 1952.*

WARNER AND WARNER, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

A claim was filed herein on May 16, 1951 by Grace R. Sitter, in her own right as surviving widow of Bon Sitter, and on behalf of decedent's minor daughter, Shirley Ann Sitter.

Bon Sitter, decedent, was employed by the State of Illinois at the Dixon State Hospital, and had been so continuously employed from March 25, 1922 until the date of his death on March 31, 1951. He was a stationary fireman, and was employed in the power house and steam plant at the Dixon State Hospital. At the time of his death he was receiving $325.00 per month, and in the year preceding his death his earnings were approximately $3,760.00. He left the claimants, Grace R. Sitter, his widow, and Shirley Ann Sitter,

daughter, who was born on January 10, 1935, as his surviving dependents. Both of the claimants reside at 909 Galena Avenue, Dixon, Illinois.

On March 8, 1951, at approximately 11:00 A.M., Bon Sitter, decedent, was assisting Walter Rucker, a machinist, in repairing a steam pump in the power plant where he was employed. They had removed a cover plate on the pump to expose the valves, and were replacing the plate. While tightening one of the bolts, which held the cover plate in place, the wrench, decedent was using, slipped, and, as a result of the strain on his muscles and other portions of the body, he suffered an inguinal hernia on his right side. He immediately complained of pain, which fact was verified by Walter Rucker in his report to the State. Mr. Sitter continued working until March 15, 1951, at which time the pain became so great that he called at the dispensary of the State Hospital, and reported the injury to the physician in charge. The injury was diagnosed as a hernia, and an operation was recommended. The operation was performed by Dr. David L. Murphy of Dixon on March 19, 1951 at the Dixon State Hospital. Dr. Murphy in his testimony stated that the decedent was suffering from a right inguinal hernia, and he was positive that it was of recent origin. Mr. Sitter was making a good recovery, although his action after being up and around several days was restricted. On the 29th and 30th of March he apparently was all right, but on the morning of the 31st, a nurse called Dr. Murphy, and reported that Mr. Sitter was in a critical condition. Dr. Murphy immediately went to the hospital, arriving there at about 7:35 A.M., but Mr. Sitter had just expired. Dr. Murphy in his testimony stated that Mr.

Sitter died of a pulmonary embolus, which was a direct result of the surgical procedure.

At the hearing on September 27, 1951, Mr. Handy, a State employee, testified as to the decedent's work record and rate of pay. Grace R. Sitter, his widow, testified as to the dependency of herself and child, and the previous good health of Mr. Sitter. Dr. Murphy testified as above set forth.

The decedent was paid salary through March 31, 1951 at the rate of $325.00 per month, this being for one-half month after he quit work on March 15, 1951, but Mr. Handy testified that he had fifteen days due for vacation time and three days' accumulated time for previous overtime work. There is no compensation due for temporary total disability. The facts in this case are practically all admitted by the State in its Departmental Report, and there is no question that this was a death, which arose out of and in the course of decedent's employment. There are no jurisdictional questions involved.

Betty Falk, Dixon, Illinois, was employed to take and transcribe the testimony before Commissioner Wise. Her charges amounted to $15.00, which the Court finds to be reasonable.

An award is entered in favor of Grace R. Sitter, claimant, under the terms and provisions of the Workmen's Compensation Act, in the amount of $6,675.00, payable as follows:

$906.43, which has accrued from April 1, 1951 to January 8, 1952, and is payable forthwith.

$5,768.57, which is payable in weekly installments of $22.50, beginning on January 15, 1952 for a period of 256 weeks, with one final payment of $8.57.

An award is entered in favor of Betty Falk, Dixon,

Illinois, in the amount of $15.00 for stenographic services.

All future payments being subject to the conditions of the Workmen's Compensation Act, jurisdiction of this case is specifically reserved for the entry of such further orders as may be necessary.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".